UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID YATES | CIVIL ACTION |
| VERSUS | NO. 10-191 |
| ST. CHARLES PARISH CORR. CTR., ET AL. | SECTION "S" (1) |

**REPORT AND RECOMMENDATION**

Plaintiff, David Yates, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. He named as defendants the St. Charles Parish Correctional Center, John Nowak, Kecia Charles, and Bridgette Oubre.

On February 4, 2010, the Court issued an Order scheduling a Spears hearing in this matter for February 25, 2010.[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). On February 17, 2010, the Court learned that plaintiff was no longer incarcerated at the Nelson Coleman Correctional Center, his address of record. Therefore, the Spears hearing was canceled because plaintiff's whereabouts were unknown.[2]

This Court's Local Rules provide: "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 11.1E. The Local Rules further provide:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 6.

Local Rule 41.3.1E. More than thirty days ago, mail from this Court addressed to plaintiff at his address of record was returned by the United States Postal Service as undeliverable on February 11, 2010.[3] Additionally, plaintiff has not notified this Court of his current address, despite declaring in his complaint: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[4] Because plaintiff has failed to meet that obligation, the Court has no way to advance this case on the docket.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been

---

[3] Rec. Doc. 5. Subsequent mail was also returned as undeliverable on February 22, 2010. Rec. Docs. 7 and 8.

[4] Rec. Doc. 1, p. 8.

2

returned as undeliverable, and he has failed to provide the Court with his current address despite being aware of his obligation to do so. Due solely to plaintiff's failure, his whereabouts are unknown, and this Court has no way to hold a Spears hearing in this matter or to otherwise advance his case on the docket. Therefore, the complaint should be dismissed for failure to prosecute.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-fourth day of March, 2010.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.